UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEFFERY L. JARVIS,

                      Plaintiff(s),                      **REPORT AND**
                                                        **RECOMMENDATION**
          -against-                               CV 11-742 (ADS) (WDW)

NORTH AMERICAN GLOBEX FUND, L.P.,
et al,
                      Defendant(s).
------------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

      Before the court on referral from District Judge Spatt is the award of damages on the default judgment against defendants North American Globex Fund, L.P. (NAG), Northstar International Group, Inc. and James M. Peister.  I recommend that the plaintiff, Jeffrey Jarvis, be awarded $247,165.54 in compensatory damages, $101,020.26 in prejudgment interest, and post judgment interest to be calculated pursuant to 28 U.S.C. §1961.

**BACKGROUND**

      The plaintiff filed this action on February 15, 2011.  Jarvis alleges the following: defendant NAG was a commodity pool organized in the State of Nevada as a limited partnership that did business in New York and elsewhere.  Northstar was the General Partner and Manager of NAG, and, along with individual defendant Peister, was an Investment Manager at NAG.  NAG, Northstar and Peister fraudulently induced Jarvis to invest $250,000 in NAG.  The fraudulent inducement consisted of fraudulent concealment of losses suffered by NAG beginning in late 2001, and concealment of continuing losses by issuance of false monthly accounts and audit reports.  Jarvis attempted to withdraw his investment but was prevented from doing so by the defendants, who had no money to return to NAG's investors.

      On February 3, 2011, the Commodity Futures Trading Commission (the CFTC) issued

findings and an Order, finding that the defendants had committed fraud by misrepresentations, omissions, misappropriations and false statements in violation of federal law. DE[14-2]. Defendants Northstar and Peister were ordered to pay restitution to its investors, including Jarvis, in the sum of $10,323,159.23 and a fine in the sum of $1,000,000. By order dated 8/5/11, I directed the plaintiff to file a memorandum of law in support of his claimed damages, specifically requiring "commentary on how the Order from the CTTC impacts" those damages. The plaintiff did file a document captioned "Plaintiff's Memorandum of Law in Support of the Award of Damages," but it does not contain any citations to law, either statutory or decisional, in regard to the impact of the CFTC Order or any other legal issue. It does, however, state the amount of money that Jarvis received from the CFTC proceeding that would have to be offset from any award he received - $2,834.46. DE[28].

## DISCUSSION

District Judge Spatt entered a default judgment against the defendants on 6/27/11. DE[24]. Once found to be in default, a defendant is deemed to have admitted all well-pleaded factual allegations in the complaint pertaining to liability. *See Car-Freshener Corp. v. Excellent Deals, Inc.,* 2011 WL 3846520, *1 (E.D.N.Y. Aug. 1, 2011) (*citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992)). A court, however, retains the discretion to determine whether a final default judgment is appropriate. *Id.* (citing *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993)). Even after a defendant has defaulted, a plaintiff must "establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *Id.* (citations omitted). The complaint asserts various causes of action, some seeking money damages and some seeking equitable relief. The plaintiff does not

specify the claims on which he seeks default damages against the three defaulting defendants, but he asks only for money damages, not injunctive or declaratory relief, and I consider his request for money damages only. I note further that although the Complaint seeks attorney's fees, no application is made for such fees on the default judgment motion, and no basis for the award of such fees is presented. Thus, I consider only the award of compensatory damages.

Before turning to the damages, however, I must address the threshold issue of whether the plaintiff's claims herein are preempted or otherwise impacted by the CFTC's proceeding against Northstar International Group, Inc. and James M. Peister. I recommend a finding that the claims are not preempted, but that the amount awarded to Jarvis after the CFTC proceeding be offset from his damages herein.

The preemptive impact of the Commodities Exchange Act has been considered by a number of courts, but research has not yielded a case precisely on point with the issue presented here, that is, can a plaintiff pursue state law claims <u>after</u> the CFTC has conducted an administrative proceeding, found the defendants liable, and awarded damages? Courts have found that the CFTC administrative remedy is not exclusive, but that an aggrieved plaintiff cannot relitigate questions that have been fully litigated before the CFTC and decided <u>against</u> him. *See Blunt, Ellis & Loewi, Inc. v. Hlavinka,* 896 F.2d 240 (7th Cir. 1990). But no case appears to have considered whether the aggrieved plaintiff can relitigate issues that have already been decided in his favor. The relevant caselaw suggests, however, that because Jarvis did not receive an award equal to the amount of actual damages he claims to have suffered, he can pursue state law claims to recover the remainder of his damages. The Seventh Circuit, for example, determined that claims based on state law arising from commodities futures trading that

may bear upon the actual operation of the commodities future market are preempted by the CEA, but the application of state law affecting only the relationship between brokers and investors or other individuals involved in the market is not preempted. *American Agriculture Movement, Inc. v. Board of Trade of the City of Chicago,* 977 F.2d 1147, 1156-1157 (7th Cir. 1992) (abrogated on other grounds).

In *Hlavinka,* defendants went to the federal court to seek an injunction staying a state court action based on the same core of facts considered by the CFTC, but alleging violations of state law, including contract and negligence claims. The Seventh Circuit found it noteworthy that the CFTC filed an amicus brief "asserting that it does not have jurisdiction over claims which do not violate any provisions of the CEA or Commission rule, regulation of order thereunder." Therefore, it found, "the Commission itself maintains it had no jurisdiction over any claims of [the plaintiff] based on violations of state law such as the breach of contract and negligence claims involved" in the plaintiff's state law complaint. 896 F.2d at 241. The Court found that although the plaintiff could pursue his breach of contract and negligence claims in the state court suit, it could not pursue a fraud claim, because the CFTC had fully litigated that claim and found that there was no fraud. *See* 896 F.2d at 241. Here, the CFTC litigated the issue of fraud and found that two of the defaulting defendants - Northstar International Group, Inc. and Peister - had engaged in fraudulent conduct. Defaulting defendant NAG was not a named party in the CFTC proceeding.

Other courts have noted a provision of the CEA that provides that "nothing in this section shall supersede or limit the jurisdiction conferred on courts of the United States or any State," viewing it as a "savings clause" that preserves in the futures trading context at least some state

law causes of action." *See American Agriculture Movement*, 977 F.2d at 1155 and cases cited therein. I recommend, based on the reasoning set out in these cases, that Jarvis's state law claims not potentially bearing on the actual operation of the commodities market, for example, his breach of fiduciary duty and breach of contract claims, are not preempted and that they are sufficiently well pleaded to allow for an award of damages. I thus turn to a consideration of the damages sought.

A default "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in [the] complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant must prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Detailed affidavits and other documentary evidence can provide this basis. *See, e.g., Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991). Here, the plaintiffs have submitted a declaration from the plaintiff's attorney, Jeffrey B. Hulse, a copy of the Order of the CFTC based on the same or similar facts as alleged in the Complaint against the defaulting defendants, and documentary support for the damages claimed. The defendants have not submitted any opposition. Accordingly, a hearing on the issue of damages is not necessary.

Jarvis has established that he invested $250,000 with the defendants. He seeks damages in that amount, less the $2,834.46 he received from the CFTC, for a total of $247,165.54, along

5

with prejudgment interest through June 27, 2011 in the amount of $101,020.26. The plaintiff explains that he calculated the prejudgment interest amount by applying a rate of 9% to $250,000 from December 31, 2006 (the date of the initial investment) through June 8, 2011 (the date of the $2,834.46 distribution) and then applying a rate of 9% to $247,165.54 from June 9, 2011 through June 27, 2011 (the date of the entry of default judgment). DE[28] at 3, n. 1. Although the plaintiff does not specify the choice of law to be applied in this action, I assume the nine percent rate to be the statutory rate under New York law, and I recommend that award. *See* C.P.L.R. §5004. Jarvis also seeks an award of post-judgment interest to be calculated pursuant to 28 U.S.C. §1961, and I recommend that award as well. An application for costs can be made to the Clerk of the Court after final judgment is entered.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiff by electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defendants and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       September 13, 2011

                                           /s/ William D. Wall
                                           WILLIAM D. WALL
                                           United States Magistrate Judge